UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 2:25-CR-77-GSL-AZ

CHAZ HOLLINGSWORTH

## OPINION AND ORDER

This matter is before the Court on Defendant Chaz Hollingsworth's Motion for Revocation of Detention Order [DE 68]. That Motion has been fully briefed [DE 68; DE 72], with oral argument held on May 6, 2026, to discuss the Motion [DE 81]. For the reasons stated on the record and further described below, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On July 16, 2025, Defendant was charged with a single count of knowingly or intentionally distributing fentanyl, a violation of 21 U.S.C. § 841(a)(1). [DE 1]. The Government subsequently moved to detain Defendant [DE 59], and on November 12, 2025, Magistrate Judge Zanzi held an arraignment and detention hearing pursuant to 18 U.S.C. § 3142(f) [DE 61]. Following the hearing, Judge Zanzi entered a written order finding that the Government met its burden for detention and that there was no condition or combination of conditions assuring the safety of the community from Defendant [DE 62]. Accordingly, Defendant has since been detained pending trial.

On March 13, 2026, Defendant filed the current Motion seeking reconsideration of Judge Zanzi's order by a district judge, revocation of that order, and release on bond pending disposition of this case. [DE 68].

## **LEGAL STANDARD**

Under 18 U.S.C. § 3145(b), a defendant may move for revocation of a magistrate judge's detention order. The Court reviews a magistrate judge's detention ruling *de novo*. *See United States v. Wilks*, 15 F.4th 842, 847 (7th Cir. 2021). When conducting the review, the Court may "start from scratch" and hold a new hearing or review the record of the proceedings before the magistrate judge. *See United States v. Torres*, 928 F.2d 291, 292 (7th Cir. 1991).

When a defendant is charged with a criminal offense, they may be released on personal recognizance, temporarily detained, or detained. 18 U.S.C. § 3142(a). Detention is appropriate where there is no condition or combination of conditions that will reasonably assure the defendant's appearance in court and the safety of the community. *Id.* § (e)(1). In making a detention determination, the Court looks at the following:

(1) the nature and circumstances of the offense charged, including whether the offense involved a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including

(A) the person's character , physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, state, or local law; and

(4) and the nature and seriousness of the danger to any person or to the community that

would be posed by the defendant's release.

*Id.* § (g).

While Congress has attempted to narrow the sets of offenses in which detention is ordered, certain offenses involving serious drug trafficking and felonies involving firearms have been targeted. *Id.* § (f)(1)(C), (E). These offenses carry a rebuttable presumption that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community. *Id.* § (e)(3)(B). This presumption shifts the burden of production to the defendant to come forward with some evidence that, if released, he would not flee or endanger the community. *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985). The burden is not heavy, as any evidence favorable to a defendant that comes within a category listed under § 3142(g) will suffice. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Even if rebutted though, the presumption remains in the case as an evidentiary finding militating against release. *Id.* The government bears the ultimate burden of persuasion, *see Wilks*, 15 F.4th at 846–847; *Dominguez*, 783 F.2d at 706–07, and must prove danger by clear and convincing evidence and flight of risk by a preponderance of the evidence, *Portes*, 786 F.2d at 764–65.

## DISCUSSION

After conducting an independent review of the § 3142(g) factors, the Court is convinced that detention is appropriate here. First, the findings of facts and conclusions of law demonstrate that Defendant is unable to rebut the presumption under § 3142(e) that no condition or combination of conditions exist to ensure Defendant's appearance in court or the safety of the community. Although Defendant presented additional evidence regarding his failures to appear

while detained, which was not previously before Judge Zanzi at the detention hearing, the Court nonetheless finds this is insufficient to rebut the presumption.

When looking to the nature and circumstances of the offense charged, Defendant was charged with dealing what is commonly known as fentanyl, a highly addictive and deadly Schedule II controlled substance. Distribution of such a controlled substance carries a minimum term of imprisonment of ten years and a maximum term of life. During the detention review hearing, the Government presented evidence that the narcotics Defendant dealt tested positive for 3.3 net grams of a mixture containing fentanyl, fentanyl analogue, and xylazine (a common horse tranquilizer unreceptive to Narcan). Moreover, evidence was also presented that law enforcement spent several days tracking Defendant for his arrest, that Defendant had been "hotel hopping," and that law enforcement only tracked him down following his arrest in the Porter County Jail for felony strangulation and domestic battery.

Next, the weight of the evidence against Defendant showing that he may be subject to a lengthy prison sentence is strong. Even if the Court presumes the existence of a stable residence and suggests Defendant has a place to live, there has not been an assessment of that home given Defendant's inability to remember the residence's address or provide the Court, Probation, or the Government with contact information for the brother with whom he would be living.[1]

Further, Defendant's record demonstrates a significant prior criminal history and a history of violence. There have also been prior violations of probation, parole, or supervised release. Notwithstanding Defendant's failures to appear, there have been notable issues with getting Defendant to where he needs to be. Moreover, Defendant has participated in criminal

---

[1] During the detention review hearing [DE 81], Defense counsel explained that Defendant now possessed contact information for Defendant's brother. Nonetheless, a home assessment has not yet taken place.

4

activity while on probation or supervised release, and it is apparent to the Court that Defendant poses a danger to the community should he be allowed to remain out on release.

Accordingly, the Court is persuaded that the Government has proven by clear and convincing evidence that Defendant poses a risk of danger to the safety of the community, and further, that the Government has proven by a preponderance of the evidence that Defendant poses a flight risk.

## **CONCLUSION**

For the reasons stated above and explained during the detention hearing [DE 81], the Court concludes that no condition or combination of condition exists that would reasonably ensure Defendant's appearance and the safety of the community. Therefore, the Court **DENIES** Defendant's Motion for Revocation of Detention Order [DE 68] and **ORDERS** he remain detained pending trial.

SO ORDERED.

ENTERED: May 20, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

5